JUDGE PATTERSON

**13 CIV 2289**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MAXWELL WEAH

                     Plaintiff,

  -against-

CITY OF NEW YORK, POLICE OFFICER MICHAEL
GREEN, POLICE OFFICER CARLOS RIOS and POLICE
OFFICERS JOHN DOE #1-2

                     Defendants.
-------------------------------------------------------------X

Index No.:

**COMPLAINT
AND JURY
DEMAND**



RECEIVED APR 08 2013 U.S.D.C. S.D. N.Y. CASHIERS

## INTRODUCTORY STATEMENT

1. The plaintiff, MAXWELL WEAH, brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking compensatory and punitive damages and attorney's fees under 42 U.S.C. Sec. 1988 for the defendants' violation of their rights afforded by the United States and New York Constitutions and under the laws of the State of New York.

2. Defendants, CITY OF NEW YORK, POLICE OFFICER MICHAEL GREEN, P.O. OFFICER CARLOS RIOS, P.O JOHN DOES 1-2, being employees of the New York City Police Department, respectively, violated plaintiff's civil rights without just and probable cause, causing him emotional and economic loss.

## JURISDICTION

3. The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sec. 1983 pursuant to 28 U.S.C. Sec. 1331 and Sec. 1342(3).

4. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367.

5. Prior to commencement of this action and within 90 days of occurrence herein, on

August 3, 2012, plaintiff served a Notice of Claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6. A hearing was held pursuant to Section 50(h) of the General Municipal Law on January 30, 2013, with regard to the aforementioned Notice of Claim and this case has not been settled or adjusted.

7. This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiff's injuries and plaintiff has complied with all of the prerequisites for bringing this action.

## PARTIES

8. Plaintiff is a resident of the County of NEW YORK, City and State of New York.

9. Defendant CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

10. Defendants POLICE OFFICER MICHAEL GREEN, P.O. OFFICER CARLOS RIOS, P.O JOHN DOES 1-2, are being sued herein both in their individual and official capacities, are and were at all times hereinafter mentioned, and particularly on or about April 17, 2012, employed by the City of New York.

11. Defendants were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

## FACTUAL ALLEGATIONS

12. The plaintiff MAXWELL WEAH was not guilty of any criminal acts.

13. On April 17, 2012 plaintiff went to Phil Hughes Bar, located on 88th Street and 1st Avenue with a friend, Esta Ndugu.

14. Plaintiff and Esta Ndugu stayed in the bar for approximately one hour. They left the bar when Esta Ndugu had received a call from Defendant, P.O. MICHAEL GREEN

15. When plaintiff and Esta Ndugu exited the bar, Defendant, P.O. MICHAEL GREEN met Esta Ngudu.

16. Defendant, P.O. MICHAEL GREEN was dressed in plainclothes and unbeknownst to the Plaintiff was an off-duty police officer for the New York Police Department.

17. Plaintiff left the location while Esta Ngudu and Defendant, P.O. MICHAEL GREEN conversed and plaintiff agreed to meet her within 15 minutes.

18. Plaintiff called Esta Ngudu but failed to reach her and became concerned about her safety because more than one hour had passed.

19. Plaintiff returned to the location and observed Esta Ngudu in the car with Defendant, P.O. MICHAEL GREEN.

20. Plaintiff was worried about Esta Ngudu's safety so he approached the vehicle and knocked on the window.

21. Defendant, P.O. MICHAEL GREEN exited the vehicle, approached plaintiff and stood over him in a menacing manner.

22. Plaintiff briefly left the immediate location and P.O. MICHAEL GREEN got back into the vehicle.

23. Then Plaintiff observed the vehicle drive around the block. The vehicle returned to

88th Street and 1st Avenue, but now it parked on the left side of the street.

24. Esta Ngudu exited the vehicle and went into a liquor store. The plaintiff wanted to inquire about her safety and what was going on, but then Defendant, P.O MICHAEL GREEN also exited the vehicle and followed Esta Ngudu into the liquor store.

25. Plaintiff decided to take a picture of the license plate of the vehicle.

26. Defendant, P.O. MICHAEL GREEN, without saying a word to the plaintiff, came out of the liquor store and pulled a gun on plaintiff. Without any warning, Defendant P.O. MICHAEL GREEN punched plaintiff repeatedly in the head, face, and jaw. Plaintiff fell to the ground and Defendant, P.O. MICHAEL GREEN got on top of him. Plaintiff tried to get out from underneath him, but he could not move. Plaintiff became unconscious.

27. P.O CARLOS RIOS arrived at the scene and arrested Plaintiff.

28. While plaintiff was unconscious, he was transported to New York Presbyterian Hospital by ambulance.

29. Plaintiff woke up in the hospital, handcuffed and shackled to the bed. POLICE OFFICER JOHN DOE #1 was in his room.

30. Plaintiff later learned that he was arrested for allegedly breaking into Defendant, P.O MICHAEL GREEN'S trunk and slapping him.

31. Plaintiff remained in the hospital from April 17, 2012 until April 19, 2012. POLICE OFFICER JOHN DOE #2 came in and questioned plaintiff while he remained in the hospital.

32. Plaintiff was transported to the 19th Precinct, where he was fingerprinted and photographed. The police then transported him to 1 Police Plaza.

33. Plaintiff was arraigned in New York County Criminal Court under Docket #2012NY030726 and charged with attempted assault in the third degree (PL 110/120.00(1)).

34. Thereafter the plaintiff was maliciously prosecuted until the criminal case was ultimately dismissed by the People's motion on February 6, 2013 after they conceded that they exceeded speedy trial time.

35. Plaintiff sustained bleeding to the brain, pain, shock, and mental anguish.

### AS AND FOR A FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS

36. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to them under the Constitution and laws of New York and the United States, including, but not limited to their rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in their person, to be free from unreasonable searches and seizures, and to be free from excessive force.

38. As a result of the aforesaid violation of plaintiff's rights, the plaintiff sustained injuries and damages previously described in this complaint.

39. As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

### AS AND FOR A SECOND CAUSE OF ACTION- NEGLIGENCE

40. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and prosecuting the plaintiff.

42. As a result of the aforesaid, plaintiff sustained the injuries and damages previously

described in this complaint.

43. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

### AS AND FOR A THIRD CAUSE OF ACTION – NEGLIGENT RETENTION AND NEGLIGENT HIRING

44. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

46. As a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

47. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

### AS AND FOR A FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 47 as if fully set forth herein.

49. The actions of the defendants in arresting and prosecuting the plaintiff who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

50. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

51. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

### AS AND FOR A FIFTH CAUSE OF ACTION –
### FALSE ARREST AND FALSE IMPRISONMENT

52. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

53. At no time did plaintiff commit any act or offense for which an arrest may be lawfully made.

54. The false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

55. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

56. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

### AS AND FOR A SIXTH CAUSE OF ACTION –
### MALICIOUS PROSECUTION

57. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 56 as if fully set forth herein.

58. There are and were no grounds, legitimate cause or justification upon which to prosecute the Plaintiff, and said prosecution of the plaintiff was intentional, malicious, reckless and in bad faith.

59. As a result of the aforesaid, Plaintiff sustained the injuries and damages previously described in this complaint.

60. As a result of the foregoing, Plaintiff MAXWELL WEAH seeks compensatory

damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

## AS AND FOR A SEVENTH CAUSE OF ACTION-
## ASSAULT AND BATTERY

61. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 60 as if fully set forth herein.

62. While the plaintiff was taking a photograph of Defendant, P.O MICHAEL GREEN'S license plate, Plaintiff was intentionally, wrongfully, willfully, maliciously, and with gross negligence, physically assaulted, beaten and battered by defendant and was caused to sustain severe and permanent injuries.

63. That by reason of the foregoing, the plaintiff MAXWELL WEAH was caused to sustain serious injuries to the head and brain and to suffer pain, shock, and mental anguish; these injuries and their effects will be permanent; as a result of said injuries the plaintiff has been caused to incur and will continue to incur expense relative to his injuries.

**WHEREFORE,** plaintiff demands damages in an amount which exceeds the minimal jurisdiction amount of the lower courts from all defendants in each of the First through Seventh causes of action along with punitive damages and attorney fees together with the costs and disbursements of this action.

Dated: New York, New York
April 8, 2013

*[signature]*
Michael B. Ronemus
**RONEMUS & VILENSKY**
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated: New York, New York
April 8, 2013

*/s/ Michael B. Ronemus*
Michael Ronemus